UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ELLEN F. ROWAN,<br><br>                    Plaintiff,<br><br>       v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                    Defendant. | Case No. C22-0781-DGE<br><br>**ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS** |

      Plaintiff seeks to proceed *in forma pauperis* for an action seeking judicial review of the administrative decision denying her application for Social Security benefits.  (Dkt. No. 1.)  For the reasons discussed below, the court DENIES Plaintiff's application to proceed *in forma pauperis*.

      The district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigence.  28 U.S.C. § 1915(a).  "To qualify for *in forma pauperis* status, a civil litigant must demonstrate both that the litigant is unable to pay court fees and that the claims he or she seeks to pursue are not frivolous."  *Ogunsalu v. Nair*, 117 F. App'x 522, 523 (9th Cir. 2004), *cert. denied*, 544 U.S. 1051 (2005).  To meet the first prong of this test, a litigant must show that he or she "cannot because of his [or her] poverty pay or give security for the costs and still be able to provide himself [or herself] and dependents with the necessities of life."  *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal alterations omitted).

ORDER DENYING APPLICATION TO
PROCEED IN FORMA PAUPERIS - 1

Plaintiff has not shown she is unable to pay the full filing fee to proceed with this lawsuit. Her application shows she is presently employed with a net monthly salary of $800. (Dkt. No. 1 at 1.) Plaintiff has $200 cash on hand, $285 in her checking account, and $563 in her savings account. (Dkt. No. 1 at 2.) She asserts her house, property, and car are worth $701,401. (*Id*.) Plaintiff's monthly expenses include $500 to take care of her adult son who has mental health issues and $3,800 for "household expenses, business expenses, mortgage. (*Id*.) When asked to provide more information to explain why she cannot pay court fees and costs, Plaintiff answered, "I've been working, but due to increasing health issues (chronic pain) need to decrease time doing physical labor. Not able to sustain." (*Id*.)

When a claim of poverty is made under Section 1915, "it is proper and indeed essential for the supporting affidavits to state the facts as to affiant's poverty with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981). Based on the information provided, the Court cannot say Plaintiff has properly done so in her application. Notably, Plaintiff's monthly expenses exceed her monthly income, but she does not explain if, or how, she is able meet those expenses. Without more information, the Court is unable to determine the entirety of Plaintiff's financial situation and therefore unable to determine whether she "cannot because of his [or her] poverty pay or give security for the costs and still be able to provide himself [or herself] . . . with the necessities of life." *See Adkins*, 335 U.S. at 339 (internal alterations omitted). Should Plaintiff provide additional information or clarification, Plaintiff may reapply to proceed *in forma pauperis*.

Accordingly, Plaintiff's application to proceed *in forma pauperis* is DENIED WITHOUT PREJUDICE. Plaintiff has 30 days from the date of this order to pay the full filing fee or reapply to proceed *in forma pauperis*. If the filing fee or a new application is not received within 30 days, the clerk's office is instructed to dismiss this action WITHOUT PREJUDICE.

ORDER DENYING APPLICATION TO
PROCEED IN FORMA PAUPERIS - 2

DATED this 9th day of June 2022.

                                        David G. Estudillo
                                        United States District Judge

ORDER DENYING APPLICATION TO
PROCEED IN FORMA PAUPERIS - 3